**Sudie Mae FEARIN, Appellant,**

v.

**FOX CREEK VALLEY WATERSHED CONSERVANCY DISTRICT, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1983.

Discretionary Review Denied by Supreme Court May 2, 1984.

William B. Mains, Northeast Ky. Legal Services, Inc., Morehead, for appellant.

John McNeill, III, Hargett & McNeill, Maysville, for appellee.

Before COOPER, HOGGE and HOWERTON, JJ.

HOWERTON, Judge.

Fearin appeals from a judgment of the Fleming Circuit Court holding that the District has the right to condemn her land for construction of a dam and watershed. She presents three allegations of error.

1. The trial court erred in refusing her an opportunity to assert defenses to the condemnation action.

2. The trial court erred in overruling her motion to add the federal government as a defendant.

3. The trial court erred in overruling her motion to dismiss the condemnation action.

The District initiated this action to condemn Fearin's property. Hers was the last piece of real estate required to complete a 15-year project involving the construction of five dams, a recreational facility, and other flood control structures. Four of the dams and recreational facilities have been completed and are operational.

Fearin answered the complaint and alleged that there was no necessity for the condemnation of her property. She also asserted that the project was partially federally funded and that the construction of the dam violated federal law in that there was no environmental impact statement as required by the National Environmental Policy Act and that there had been no cost-benefit analysis. She argued that the District lacked standing to bring the action, and she moved the court to join officials of the U.S. Department of Agriculture.

The trial court denied her motion to join the federal officials, and it dismissed her defenses involving questions of federal law. The court thereafter entered its interlocutory judgment awarding the property to the District upon payment of the commissioner's appraisal of $50,000.00. Fearin was left with the right to except from the award and to have the amount of damages fixed by a jury.

The real issue in this case is whether the District may condemn Fearin's property regardless of the alleged violations of federal law. We need not and do not decide the alleged violations and we hold that the District may proceed with its condemnation action. A district may condemn land for projects built without federal aid. KRS 262.700, *et seq.* Following condemnation, it is allowed eight years between taking possession and commencing the construction of the project. KRS 416.670. The federal questions may be pertinent in an action in the U.S. District Court, but it is not necessary that the questions be finally determined in this litigation.

■ It was not necessary for the trial court to join any federal officials or to make a final determination on Fearin's allegations. It is irrelevant at this time whether the benefits outweigh the cost under the federal formula or whether the environmental impact statement presently exists. These questions will have to be decided if, and when, the federal funds are made available to the local district. The question of necessity to be addressed by the Fleming Circuit Court concerns the necessity of a dam rather than the necessity of satisfying federal requirements for grant money.

■ Fearin also argues that the District is a branch or instrumentality of state government and, thus, it must proceed through the Department of Finance in all condemnation suits, citing KRS 416.560(3).

We find no merit in this argument. State funds are not involved. The money to support the District is from tax levies of property owned by persons within the District. State statutes authorize the creation of watershed conservancy districts, but they are actually created by an election by the citizens involved. The same citizens elect the directors and officers. The very nature and purpose of a district contemplates dams and water conservation. None of the state agencies required to coordinate their activities with the Department of Finance have powers and independent existence comparable to a watershed conservancy district. A district may levy taxes and control its funds. KRS 416.560(3) is applicable to agencies of the state which are under the direct supervision and control of the executive branch of state government.

For the foregoing reasons, the judgment of the Fleming Circuit Court is affirmed.

All concur.